IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

WALTER E. GODWIN,

    Plaintiff,

v.

CSX TRANSPORTATION, INC.,
a corporation,

    Defendant.

CIVIL ACTION NO.: CV513-134

## ORDER

This cause of action is based on Plaintiff's contentions that Defendant is liable under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* ("FELA"), for injuries he sustained when he slipped and fell during the performance of his duties on January 3, 2011, in the rice yard of Defendant's railroad facility in Waycross, Georgia. (Doc. No. 1). Presently before the Court are Plaintiff's Motion in Limine and Defendant's Response, (doc. nos. 36, 43), as well as Defendant's Motion in Limine and Plaintiff's Response. (Doc. Nos. 39, 44). Through their Motions, the parties seek to exclude several categories of evidence from the trial of this case. The Court rules as follows.

I.    **Plaintiff's Motion in Limine**

    A.    **Railroad Retirement Benefits and Other Collateral Sources**

Plaintiff asserts any reference or evidence pertaining to his entitlement to, application for, or his receipt of collateral source benefits, including Railroad Retirement Benefits, should be excluded from the trial of this case. Plaintiff cites to Eichel v. New York Cent. R.R. Co., 375 U.S. 253 (1963), as support for his position and posits that

federal courts have "consistently interpreted <u>Eichel</u> to preclude the admission of" this evidence at the liability or damages phase of a trial in a FELA case. (Doc. 36, p. 2) (citing cases).

Defendant responds it does not intend to reference or offer this kind of evidence during the trial of this case unless certain evidence comes to light during trial which would make this evidence potentially admissible. In addition, Defendant asserts <u>Eichel</u> pre-dates the Federal Rules of Civil Procedure, which supersede the federal common law of evidence. Defendant asserts that, depending on Plaintiff's testimony, the evidence he seeks to exclude may become potentially admissible. In this event, Defendant maintains, it will request that the Court determine whether this evidence's probative value outweighs its danger of unfair prejudice. (Doc. 43, pp. 1–2.)

This portion of Plaintiff's Motion is **GRANTED** at this time. Should certain evidence or testimony come to light during the trial of this case, Plaintiff can object to Defendant's use of this evidence at the appropriate time.

### B. Plaintiff's Financial Condition

Plaintiff seeks to exclude evidence pertaining to his assets and financial condition, including evidence that he receives retirement benefits, he owns and leases real property, and he owns vehicles. Plaintiff contends evidence of his financial condition is irrelevant to the issues in this FELA action.

Defendant states it does not intend to offer evidence of Plaintiff's financial condition at this time and that Plaintiff's Motion on this point should be provisionally granted. However, Defendant asserts Plaintiff's testimony at trial may lead to this evidence potentially becoming admissible at trial.

This portion of Plaintiff's Motion is **GRANTED** at this time. Should certain evidence or testimony come to light during the trial of this case, Plaintiff can object to Defendant's use of this evidence at that time.

C. **Rule Violations**

Plaintiff contends Defendant should not be permitted to present any evidence or suggestion that Plaintiff violated any of its rules. According to Plaintiff, Defendant has failed to identify a single rule it definitively claims Plaintiff violated, despite being asked to do so in interrogatories served last year.

Defendant asserts it should be permitted to introduce evidence regarding specific safety rules which were in effect on the date of the accident to show the specific training and knowledge Plaintiff had as to how Defendant expected him to conduct himself on the date of the accident. Defendant also asserts it answered Plaintiff's interrogatory request and identified company safety rules and procedures Plaintiff appeared to violate. Defendant further asserts copies of the safety rules and procedures were produced to Plaintiff in April 2014, and these rules and procedures were discussed with Plaintiff during his deposition in August 2014.

This portion of Plaintiff's Motion is **DENIED**. Defendant may introduce evidence of the safety rules and procedures it believes Plaintiff may have violated, and Plaintiff can rebut this evidence. As the parties undoubtedly are aware, evidence of negligence in a FELA case cuts both ways, but an employee's alleged contributory negligence does not bar his recovery under FELA. Clements v. Norfolk S. Ry. Co., 5:11-CV-322 (HL), 2012 WL 5471947, at *6 (M.D. Ga. Nov. 9, 2012) (leaving for a jury's determination

AO72A
(Rev. 8/82)

whether the plaintiff was contributorily negligent and acted unreasonably, leading to his injuries).

II. **Defendant's Motion in Limine**

A. **Workers' Compensation**

Defendant contends Plaintiff should not be permitted to remark that he is not covered by workers' compensation, as any such remarks may cause the jury to misconceive that this cause of action is Plaintiff's sole source of benefits. Defendant avers that this impression is highly prejudicial and would erroneously lead to the assumption that Plaintiff has received no benefits for his injury, which is incorrect.

Plaintiff responds he would be severely prejudiced if the Court were to prohibit the jury from knowing the only compensation he will receive from Defendant is if the jury finds in his favor. Plaintiff contends the jury may be misled into thinking he has already received workers' compensation benefits and is "double-dipping" by seeking compensation through this lawsuit. Plaintiff asserts FELA provides his only source for recovery from his employer for his injuries.

As the undersigned has already determined when faced with the identical motion in Dryden v. CSX Transp., Inc., Case No. 5:08-cv-047, Doc. No. 20 (Aug. 7, 2009) (S.D. Ga.), this portion of Defendant's Motion is **DENIED**.

B. **Financial Condition**

Defendant asserts Plaintiff should be restricted from introducing evidence of either party's financial condition, as such matters are irrelevant in a FELA case. In addition, Defendant states that its relative wealth, income, the number of employees it has, and any reference to it as a large corporation should be excluded. Defendant also

states Plaintiff should be prohibited from asking potential jurors during voir dire whether they have heard of Defendant's business interests, including numerous other holding corporations, subsidiaries, predecessors, or affiliates.

This portion of Defendant's Motion is **GRANTED** in part and **DENIED** in part. The parties are precluded from introducing any evidence as to their respective financial conditions. However, Plaintiff's counsel is permitted to ask potential jurors during voir dire if they have ever heard of CSX Transportation, Inc.'s, business interests which are tangentially related to the railroad or whether any of the potential jurors own stock in or otherwise have a business relationship with Defendant or any of its subsidiaries.

### C. Net Wage Loss

Defendant requests that Plaintiff only be permitted to introduce evidence of any net losses he may have sustained. Plaintiff agrees that the measure of damages for lost wages is his net loss, and this portion of Defendant's Motion is **GRANTED**. However, to the extent Defendant seeks the exclusion of evidence derived from Plaintiff's W-2 statements and tax returns, this portion of Defendant's Motion is **DENIED** for the reasons Plaintiff set forth in his Response.

### D. Pre-Judgment Interest

Defendant asserts Plaintiff should not reference or introduce evidence regarding pre-judgment interest, as such is not recoverable in FELA cases. This portion of Defendant's Motion is **GRANTED** as unopposed.

AO72A
(Rev. 8/82)

### E. Duty of Care

Defendant contends that there should be no reference or statements to the effect that it has a great duty of care or that Plaintiff has a slight duty of care. Defendant also contends each party has a duty of reasonable care.

As the parties are required to present evidence and argument in accordance with the law, this portion of Defendant's Motion is **GRANTED**. Plaintiff (and Defendant) shall be precluded from presenting evidence and argument which are contrary to law.

### F. Punitive Comments

Defendant alleges no reference should be made that the purpose of the trial is to send a message to or punish Defendant. This portion of Defendant's Motion is **GRANTED**.

### G. Safer Work Methods/Procedures is not the Standard

Defendant also alleges no reference should be made that it could have provided a safer method of work or safer procedures to walk on the subject locomotive to cross over to other equipment. Defendant asserts the issue is whether the workplace and work method are reasonably safe.

Plaintiff contends FELA imposes a duty on railroads to provide employees with a reasonably safe place to work at all times and places of employment. Plaintiff also contends the railroad has a non-delegable duty to inspect for hazards and to take precautions to protect its employees from unsafe conditions.

This portion of Defendant' Motion is **DENIED**. Plaintiff is permitted to present evidence regarding the reasonably safe workplace conditions and method which were

or should have been in place at the time of Plaintiff's alleged injuries. Defendant is, of course, free to offer evidence in rebuttal.

### H. Congressional Intent

Defendant requests that Plaintiff's counsel refrain from referencing or discussing the Congressional intent or purpose of FELA in the jury's presence. This portion of Defendant's Motion is **GRANTED** as unopposed.

### I. Medical Opinions

Defendant asserts that any expert witness who is not a medical doctor should be precluded from opining as to the causes of Plaintiff's alleged injuries. This portion of Defendant's Motion is **GRANTED**. Only witnesses who are qualified to testify about the medical causation of Plaintiff's injuries will be permitted.

### J. Fear of Retaliation

Defendant requests that Plaintiff and/or his counsel not present evidence, argument, or comments about alleged improper conduct of Defendant's past management at the Waycross facility regarding alleged retaliation based on employees' reports of on-duty injuries. Defendant asserts that these alleged activities occurred years before Plaintiff's alleged injury, involved managers other than Plaintiff's managers, and did not involve Plaintiff. Defendant avers that Plaintiff reported his incident promptly and suffered no retaliatory response by his managers.

Plaintiff alleges FELA entitles employees who suffer physical injuries to recover emotional distress compensation for any resulting fear which follows the injuries. Plaintiff maintains the reasonableness of his fear can be proved by the introduction of evidence relating to how Defendant has retaliated against employees in the past.

AO72A
(Rev. 8/82)

This portion of Defendant's Motion is **GRANTED**. Evidence related to past managers and employees is irrelevant to Plaintiff's claims. In <u>Norfolk & Western Ry. Co. v. Ayers</u>, 538 U.S. 135, 142 (2003), which Plaintiff cites in support of his position, the United States Supreme Court held "that mental anguish damages resulting from the fear of developing cancer may be recovered under the FELA by a railroad worker suffering from the actionable injury asbestosis caused by work-related exposure to asbestos." It is a stretch to apply the <u>Ayers</u> holding to the issues and facts before this Court.

**SO ORDERED**, this 8th day of September, 2015

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE